UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE L. SHINEW, et al.,

        Plaintiffs,

v.

MICHAEL W. WSZOLA, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 08-14256

DISTRICT JUDGE BERNARD A. FRIEDMAN

MAGISTRATE JUDGE DONALD A. SCHEER

### ORDER DENYING MOTION TO AMEND PLEADINGS

Defendants' Motion to Amend Pleadings is before the magistrate judge on Order of Reference for hearing and determination. The parties, by counsel, have waived oral argument. Having reviewed the Motion, together with Plaintiffs' Brief in Opposition, I find that the Motion to Amend Pleadings should be DENIED.

Plaintiffs' Complaint for Declaratory Judgment was filed on October 6, 2008. Defendants filed their Answer and Affirmative Defenses on December 5, 2008. On February 19, 2009, Defendants filed a Motion for Summary Judgment, relying substantially upon a res judicata theory, despite the fact that such an affirmative defense was not asserted in their responsive pleading. Defendants conceded that omission and subsequently filed the instant Motion to Amend Pleadings. The Motion seeks to assert the affirmative defenses of waiver, latches, estoppel, res judicata, collateral estoppel, statute of limitations and statute of repose. Plaintiffs filed their Brief in Opposition to the Amendment on March 18, 2009.

The sole basis upon which the Motion rests is Defendants' inadvertent failure to incorporate the newly proffered affirmative defenses in their responsive pleading. They

maintain that the amendment would result in no substantial prejudice to Plaintiffs, and that the interests of justice would be served by a grant of the relief prayed.  In their Response Brief, Plaintiffs argue: a) that the newly asserted affirmative defenses are futile, and b) that each is insufficiently pled.

The case law of this circuit presents a rather confused history with respect to the issue presented here.  Fed.R.Civ.P. 12(b) has long provided that every defense to a claim for relief must be asserted in the responsive pleading or, as to certain defenses, by a prior motion to dismiss.  Our circuit has held that the failure to plead an affirmative defense in the first responsive pleading to a complaint results in a waiver of the defense.  Haskell v. Washington Twp., 864 F.2d 1266, 1273 (6th Cir. 1988).  The court in Haskell ruled the affirmative defense that a plaintiff's claim was barred by the statute of limitations to have been waived by the failure to assert it in a responsive pleading, even where the defendant and his counsel were unaware of a possible statute of limitations defense.  See also, Horton v. Potter, 369 F.3d 906 (6th Cir. 2004).  Such a harsh rule is, to my mind, inconsistent with the policy embodied in Fed.R.Civ.P. 15(a) that a party may amend its pleading by leave of court when justice so requires.  Cases in our circuit have adopted that view.  See Seals v. General Motors Corp., 546 F.3d 766, 770 (6th Cir. 2008); Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994); Moore, Owen, Thomas and Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993).  Plaintiffs here do not rely upon a strict waiver theory.  Accordingly, I will proceed to the arguments presented in the opposition brief.

### 1. Sufficiency of Pleading

As previously noted, Fed.R.Civ.P. 12(b) provides that every defense to a claim for relief must be asserted in the responsive pleading if one is required.  An answer, of course,

is a responsive pleading. Fed.R.Civ.P. 7(a)(2). Rule 8(b)(1)(A) provides that, in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." In the case at bar, Defendants have sought to amend their Answer by including a "grocery list" of defense doctrines,[1] with no effort to state facts which might support them. In fairness to Defendants, the assertion of affirmative defenses in that manner is not uncommon. On the contrary, it has been widely employed (and tolerated) as a form of "notice pleading." In Pollock v. Marshall, 845 F.2d 656 (6th Cir. 1988), the court held, in a First Amendment civil rights case, that an answer simply stating that defendant had "not violated the plaintiff's constitutional rights" complied with Fed.R.Civ.P. 8(b). In a footnote, the court declared that Rule 8(b) "does not apply when a defendant asserts an affirmative defense . . .." That statement was clearly dicta, as no affirmative defense had been pled in the case. Nonetheless, a subsequent district court opinion in this circuit relied upon Pollock for authority that "it is settled that 'Rule 8(b) does not apply when a defendant asserts an affirmative defense.'" General Electric Capital Corp. v. Lanmann, 2006 WL 2077103 (S.D. Ohio). I disagree with that view.

Prior to 2007, the doctrine of notice pleading was largely defined by the holding of the United States Supreme Court in Conley v. Gibson, 355 U.S. 41 (1957). Under Conley, dismissal under Rule 12(b)(6) for failure to state a claim was appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Courts long relied upon the Conley standard in

---

[1] Paragraph 2 of movant's proposed affirmative defenses merely states that "[p]laintiffs' claims are barred by waiver, latches, estoppel, res judicata, collateral estoppel, the applicable statute of limitations, and the statute of repose."

3

determining whether a claim was sufficient to give an opposing party fair notice of it and the grounds upon which it was based. The Supreme Court, however, revisited the issue in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In rejecting the Conley analysis, the Court set out a new standard for pleading:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is, and the grounds upon which it rests." While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief about the speculative level, on the assumption that the allegations in the complaint are true (even if doubtful in fact).

Id. at 1964-1965. While the sweep of the decision is still being debated, there is reason to conclude that the Court heightened the rules of pleading to require the assertion of sufficient facts to establish a plausible claim. See Richard J.R. Raleigh Jr. and Marcus A. Huff, *Bell Atlantic Corp. v. Twombly: A review of the "plausibility" pleading standard,* The Federal Lawyer, September 2008, at 42.

The Twombly decision, of course, dealt with a claim for relief under Fed.R.Civ.P. 8(a). The instant case raises the question whether the same pleading standards apply to the assertion of defensive matters under Fed.R.Civ.P. 8(b) and (c). There is a substantial body of authority for the proposition that they do. "The general rules of pleading that are applicable to the statement of a claim also govern the statement of affirmative defenses under Federal Rule 8(c). Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1274. The last - quoted passage preceded the Twombly decision, and the

4

commentators cite no case decided since 2007. A case from our circuit, however, is illustrative of the difficulties created by affirmative defenses asserted in boilerplate fashion. In Davis v. Sun Oil Company, 148 F.3d 606 (6th Cir. 1998), the majority of a panel analyzed and ruled upon a res judicata defense despite the lack of adequate supporting factual assertions. Judge Boggs, in dissent, presaged the policy espoused in Twombly in the context of defensive pleading.

> I note, too, the boilerplate nature of Sun's amended answer. Here it is useful to look to the rules pertaining to the pleading of affirmative defenses. I recognize, of course, that Fed.R.Civ.P. 8(e) provides that "[n]o technical forms of pleading or motions are required." But requiring an affirmative defense to be stated in an intelligible manner is not a mere formalism.
>
> \* \* \*
>
> "Res judicata and collateral estoppel are affirmative defenses that must be pleaded . . .. The purpose of such pleadings is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate."
>
> \* \* \*
>
> "Rule 8(c), by requiring defendant to plead his defense or risk waiving it, also serves the purpose of giving the opposing party notice of the defense and an opportunity to argue why his claim should not be barred completely." "Another highly relevant consideration [as to whether a theory must be pleaded as an affirmative defense] is whether plaintiff will be taken by surprise by the assertion at trial of a defense not pleaded affirmatively by the defendant." "The requirement that affirmative defenses be specifically pleaded is based on notions of fair play. A party should not have to deal with an extraneous issue in a lawsuit unless it is specifically brought to his attention . . .. More important, what matters is not whether the magic words 'affirmative defense' appears in the pleadings,

> but whether the court and the parties were aware of the issues involved."

Davis, 148 F.3d at 614.

Plaintiffs' Brief in Opposition to the instant motion also addresses the difficulties attendant upon boilerplate pleading. The American College of Trial Lawyer's Task Force on Discovery and the Institute for the Advancement of the American Legal System conducted a study to address concerns over the expense and burden of civil discovery. Plaintiffs quote the following passage from the interim report:

> Nearly half of the respondents said that notice pleading has become a problem because extensive discovery is required to narrow the claims and defenses and 57% said that with notice pleading, motions to dismiss on the pleadings are not effective in limiting claims and narrowing litigation issues. More than 76% said that answers to complaints likewise do not accomplish the goal of narrowing issues. This suggests that a further look at notice pleading may be in order.

Plaintiffs' Response Brief, Page 8 (quoting Interim Report on the Joint Project of the American College of Trial Lawyer's Task Force on Discovery and the Institute for the Advancement of the American Legal System, August 1, 2008, at A-6.

The Twombly decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem.

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. And it is self evident that the problem of discovery abuse cannot be solved by "careful scrutiny of the evidence at the summary judgment stage," much less "lucid instructions to juries." [T]he threat of discovery expense will push cost conscious defendants to settle even anemic cases before reaching those proceedings. Probably, then, it is only

6

> by taking care to require allegations that reach the level of suggesting [a valid claim] that we can hope to avoid the potentially enormous expense of discovery in cases with no "'reasonably founded hope that the [discovery] process will reveal relevant evidence'" to support a [ ] claim.

Twombly, 550 U.S. at 559 (internal citations omited).

The proposed amended pleading offered by Defendants in this case is the very essence of the boilerplate "labels and conclusions" which the court in Twombly found insufficient. I conclude that the Supreme Court has established a general standard of pleading matters upon which the pleader assumes the burden of proof. At least two decisions of this court lend support to that conclusion.

In Safeco Insurance Co. v. O'Hara Corporation, 2008 WL 2558015 (E.D. Mich.), the plaintiff filed a motion to strike affirmative defenses asserted in a boilerplate fashion, without supporting factual allegations. The court held that the plausibility principle enunciated in Twombly applied as well in the context of a defendant asserting affirmative defenses. In responding to the motion to strike, the defendant provided no analysis regarding the applicability of any of the individual affirmative defenses to the facts established by the pleadings in the case. The court granted the motion to strike.

The decision in Safeco was based, at least in part, upon a notice issued by the court requiring the parties to narrow the issues and eliminate frivolous claims or defenses not sustainable in view of the evidence at hand. In my view, the same result would have been appropriate in the absence of such a notice.

A similar conclusion was reached by this court in United States v. Quadrini, 2007 WL 4303213 (E.D. Mich.). In that case, a motion to strike affirmative defenses was granted, on the theory that the plausibility standard of Twombly applied to both plaintiffs and

7

defendants asserting affirmative defenses. ("Like the plaintiff, a defendant must also plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success.") 2007 WL 4303213 at *4.

Defendants in the case at bar seek by their Motion to add affirmative defenses simply by listing them, without supporting factual assertions or even reference to the facts established by the pleadings. Based upon the authorities cited above, I conclude that the Proposed Affirmative Defenses have been insufficiently pled.

## 2. Futility

In addition to their challenge to the adequacy of Defendants' proposed amended pleading, Plaintiffs attempt to address each of the affirmative defenses sought to be asserted. In doing so, they rely upon matters addressed in their Brief in Opposition to Defendants' Motion for Summary Judgment, and upon facts asserted in that Motion. Dispositive motions, however, are not "pleadings" within the meaning of Fed.R.Civ.P. 7(a). Fed.R.Civ.P. 8(b) requires a response to a pleading to contain a short and plain statement of defenses. Twombly makes it clear that labels, conclusions and formulaic recitations are insufficient. Accordingly, I conclude that factual recitations in the dispositive motion papers are an inappropriate basis upon which to assess the plausibility of Defendants' proposed affirmative defenses. As presently stated, I find that those affirmative defenses are futile because the proposed amended pleading presents no facts upon which to determine their plausibility.

### 3. <u>Interests of Justice</u>

Fed.R.Civ.P. 15(a)(2) provides that a court should freely grant leave to amend a pleading "when justice so requires." The party requesting the amendment bears the burden of establishing that the standard is met. Defendants cite <u>Forman v. Davis</u>, 371 U.S. 178 (1962) for the proposition that "[i]f the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits [,]" absent undue delay, bad faith, dilatory motive on the part of the movant, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opponent or futility. Unfortunately, Plaintiffs have not set out in the instant motion the underlying facts or circumstances establishing that their proposed affirmative defenses may be a proper subject of relief.

I note as well Defendants' assertion that they inadvertently "failed to incorporate affirmative defenses in its [sic] responsive pleadings." (Defendants' Brief, Page 2). Their original Answer, however, did include "affirmative defenses." (Answer, Page 4). It is apparent that Defendants took time to consider affirmative defenses. Inadvertence seems a strange explanation for the inclusion of two affirmative defenses and the omission of seven others.

Because Defendants' proposed affirmative defenses do not meet the standard of plausibility imposed under <u>Twombly</u>; because they have not established that the underlying facts or circumstances relied upon may be a proper subject of relief, as contemplated by

9

Forman; and because they have not established that the interests of justice would be served by the relief sought, Defendants' Motion to Amend Pleadings is DENIED.

                                         s/Donald A. Scheer
                                         DONALD A. SCHEER
                                         UNITED STATES MAGISTRATE JUDGE
DATED: April 21, 2009

_____

### CERTIFICATE OF SERVICE

     I hereby certify on April 21, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 21, 2009: **None.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         Magistrate Judge Donald A. Scheer
                                         (313) 234-5217